**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SAMAH KHAMIS MABROUK ABDELHAMID, *et al.*,**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,**<br><br>***Defendants.*** | **Civil Action No. 25-01786**<br><br>**ORDER** |

**THIS MATTER** having come before the Court on Defendants U.S. Citizenship and Immigration Services ("USCIS"), Newark Asylum Office, Ted Kim, Ur Mendoza Jaddou, Alejandro Mayorkas, and Mollie Issacson's (collectively, "Defendants") Motion to Dismiss (ECF No. 10) Plaintiffs Vania Raquel Rodrigues ("Plaintiff Rodrigues") and Samah Khamis Mabrouk Abdelhamid's ("Plaintiff Abdelhamid") (collectively, "Plaintiffs") Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6);

and it appearing that the Immigration and Nationality Act ("INA") permits noncitizens present in the United States to apply for asylum, subject to certain exceptions, see 8 U.S.C. § 1158(a)(1);

and it appearing that the INA vests USCIS with broad discretion to regulate the asylum process and provides that applicants should be given an initial interview within 45 days and a final adjudication within 180 days of filing unless certain "exceptional circumstances" exist, see 8 U.S.C. § 1158(d)(5);

and it appearing that USCIS has allegedly seen a significant increase in asylum applications in recent years which has purportedly contributed to an extensive backlog in the processing of these applications, see generally Elezaj v. Mayorkas, No. 24-935, 2025 WL 368877, at *1–3 (D.N.J. Feb. 3, 2025) (describing same);

and it appearing that USCIS currently uses a "Last In, First Out" ("LIFO") system to address the backlog and review asylum applications as quickly as possible, see id. at *1–2;

and it appearing that USCIS allegedly schedules applications through the LIFO system using a three-tiered priority approach, first considering applicants who had their interviews rescheduled either at their request or by USCIS, followed by applicants whose I-589 forms had been pending for 21 days or less, and finally all other pending affirmative applications, see id. at *2;

and it appearing that interviews for affirmative asylum applicants are allegedly scheduled either in line with the LIFO approach or in chronological order by those USCIS officers specifically assigned to work through the backlog, starting with the oldest pending applications, see id.;

and it appearing that applicants may allegedly request expedited adjudication if they believe their case should be reviewed outside the three-tiered system, see id.;

and it appearing that Plaintiff Rodrigues is a citizen of Brazil and affirmatively applied for asylum in November 2022, see ECF No. 1, Compl., at ¶¶ 7B, 17, 19;

and it appearing that Plaintiff Abdelhamid is a citizen of Egypt and affirmatively applied for asylum in January 2023, see id. ¶¶ 7A, 17, 19;

and it appearing that Plaintiffs' asylum applications are currently pending before USCIS, see id. ¶¶ 2, 9, 7A, 7B;

and it appearing that, as a result of the delay, Plaintiffs filed this action seeking to compel Defendants to more efficiently resolve their applications under the Mandamus Act and Administrative Procedure Act ("APA"), see generally id.;

and it appearing that Plaintiffs seek a writ of mandamus pursuant to the Mandamus Act to end Defendants' alleged unreasonable delay and refusal to adjudicate their asylum applications, see id. ¶ 46;

and it appearing that Defendants respond that this Court lacks subject matter jurisdiction over

Plaintiffs' Mandamus Act claims, see ECF No. 10, Mot., at 15–19;

and it appearing that the Mandamus Act is an exceptional remedial statute that provides "original jurisdiction of any action" in which a plaintiff seeks "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," see 28 U.S.C. § 1361; see also Kerr v. United States Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 402 (1976) ("[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations") (citations omitted);

and it appearing that a plaintiff may only qualify for mandamus relief by showing "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists," see Temple Univ. Hosp. v. Sec'y United States HHS, 2 F.4th 121, 132 (3d Cir. 2021);

and it appearing that the INA explicitly and unambiguously deprives private litigants a cause of action to enforce USCIS' asylum process deadlines, as the authority and discretion in processing asylum applications rests with USCIS, see 8 U.S.C. § 1158(d)(7) ("Nothing [in subsection d] shall be construed to create any substantive or procedural right or benefit that is legally enforceable against the United States or its agencies or officers or any other person"); see also 8 C.F.R. § 208.2(a)(1)(i) (noting USCIS has "initial jurisdiction over . . . asylum application[s] . . .");

and it appearing that courts in the Third Circuit have consistently held mandamus relief to be unavailable to compel action under a statute that itself precludes a private right of action, see e.g., Elezaj, 2025 WL 368877, at *6; Zengin v. Mayorkas, No. 24-2196, 2025 WL 337594, at *5 (D.N.J. Jan 29, 2025); Altun v. Mayorkas, No. 23-3944, 2024 WL 4882578, at *2–3 (D.N.J. Nov. 25, 2024); Sahan v. Mayorkas, No. 23-21147, 2024 WL 4867008, at *4–5 (D.N.J. Nov. 22, 2024); Mutlu v. Mayorkas, No. 23-22176, 2024 WL 4117329, at *4–5 (D.N.J. Sept. 9, 2024); Ahmad v. U.S. Citizenship & Immigr. Servs., No. 23-3332, 2024 WL 3272832, at *3–5 (D.N.J. July 2, 2024); Alvarez v. Raufer, No. 19-3155, 2020 WL 5210992, at *2–3 (E.D. Pa. Sept. 1, 2020); see also Banks v. U.S.

Prob. Dep't, 567 F. App'x 71, 74 (3d Cir. 2014) (affirming that the plaintiff could not show a private right of action or a duty to act); Baranoski v. U.S. Att'y's Off., 215 F. App'x 155, 156 (3d Cir. 2007) (upholding a finding of the district court that the plaintiff did not show a clear and indisputable right to relief to render mandamus claim appropriate);

and it appearing that Plaintiffs bear the burden of pleading that subject matter jurisdiction is appropriate, see Northlight Harbor, LLC v. United States, 561 F. Supp. 2d 517, 521 (D.N.J. 2008) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.1993));

and it appearing that, because Plaintiffs have shown neither a right to relief nor a lack of alternative remedy, and given 8 U.S.C. § 1158(d)(7) explicitly and unambiguously deprives private litigants a cause of action, Plaintiffs' claim under the Mandamus Act is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), see also Ahmad, 2024 WL 3272832, at *4–5 (collecting cases that stand for same or similar proposition);

and it appearing that Plaintiffs brings two claims under the APA—that Defendants' LIFO policy in prioritizing newer applications is arbitrary and capricious, and that Defendants' delay in processing Plaintiffs' applications is unreasonably delayed, see ECF No. 1, Compl., ¶¶ 37–45;

and it appearing that Defendants respond that the Court lacks subject matter jurisdiction to hear Plaintiffs' challenge to LIFO and, alternatively, Plaintiffs fail to state a claim with respect to the APA, see ECF No. 10, Mot., at 12–14, 20–23;

and it appearing that the APA "provides for judicial review of 'final agency action,'" Minard Run Oil Co. v. U.S. Forest Serv., 670 F.3d 236, 247 (3d Cir. 2011) (quoting 5 U.S.C. § 702), and gives courts the authority to set aside such actions that are arbitrary or capricious, see 5 U.S.C. § 706(2)(A);

and it appearing that an agency action is final only if "'(1) it mark[s] the consummation of the agency's decision[-]making process, and (2) it is only by which rights or obligations have been determined or from which legal consequences will flow,'" see Logic Tech. Dev. LLC v. FDA, 84

F.4th 537, 551 (3d Cir. 2023) (quoting Bennett v. Spear, 520 U.S. 154, 177–78 (1997));

and it appearing that Plaintiffs' "arbitrary and capricious" claim under the APA fails on Logic Tech.'s second prong as neither Plaintiffs' rights nor obligations are determined by USCIS's preferred policy for scheduling asylum interviews;

and it appearing that the criteria for determining whether Plaintiffs are entitled to asylum remains the same, and LIFO merely guides USCIS in scheduling these interviews;

and it appearing that, because there has been no "final agency action," Plaintiffs' "arbitrary and capricious" claim under the APA is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), see Naik v. Dir. United States Citizenship & Immigr. Servs. Vt., 575 F. App'x 88, 92 (3d Cir. 2014) (affirming the district court lacked subject matter jurisdiction because there was no final agency action); Mutlu, 2024 WL 4117329, at *2 (determining the LIFO approach did not constitute a final agency decision and therefore the Court lacked subject matter jurisdiction under the APA);

and it appearing that, where an agency is unreasonably delayed in performing some action, the APA provides a private cause of action, see 5 U.S.C. § 555(b);

and it appearing that the Third Circuit uses a four-factor test for evaluating the reasonableness of administrative delay: (1) the length of time since the agency came under a duty to act; (2) the reasonableness of delay, judged in the context of the statute authorizing the agency's action; (3) the consequences of delay; and (4) any claim of administrative error, inconvenience, practical difficulty in carrying out the statutory mandate, or the need to prioritize in the face of limited resources, see Oil, Chem. & Atomic Workers Union v. Occu. Safety & Health Admin., 145 F.3d 120, 123 (3d Cir. 1998) (citations omitted);

and it appearing that the passage of time alone cannot justify a claim of unreasonable delay, see Immigr. & Naturalization Servs. v. Miranda, 459 U.S. 14, 18–19 (1982);

and it appearing that courts across the country have declined to find delays of up to five years unreasonable, see Jamoussian v. Blinken, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) (collecting cases to show that "[t]he case law, without drawing any bright lines, has found that delays of three to five years are not unreasonable"); see also Sahan, 2024 WL 4867008, at *4 (explaining a four year delay did not qualify as an unreasonable delay); Altun, 2024 WL 4882578, at *3–4 (finding no unreasonable delay because all Oil, Chem factors favored the Government, delays up to five years are not unreasonable, and the plaintiff had an alternative remedy in the APA); Zengin, 2025 WL 337594, at *3–4 (same);

and it appearing that Congress' decision not to include a statutory right of action to enforce the timetable in the APA "render[s] [the timetable provided by § 1158(d)] non-binding," Ahmad, 2024 WL 3272832, at *6 (citation omitted);

and it appearing that the consequences of USCIS' delay must be quite severe as "painful consequences of [] delay," while understandably frustrating, "are inherent in our immigration system," Ahmad, 2024 WL 3272832, at *7 (quoting Azam v. Bitter, No. 23-4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024));

and it appearing that courts have consistently called attention to the "limited administrative resources and [] large caseload of asylum applications that have yet to be adjudicated," Ahmad, 2024 WL 3272832, at *7 (citing Jamoussian, 2022 WL 538424, at *3);

and it appearing that Plaintiffs have not alleged that the delay in adjudicating their asylum application can be attributed to anything aside from limited resources resulting in a backlog of cases; see generally ECF No. 1, Compl.;

and it appearing that Oil, Chem's four-factor test for evaluating the reasonableness of administrative delay weighs in favor of dismissal and thus Plaintiffs have failed to state an "unreasonable delay" claim under the ADA pursuant to Rule 12(b)(6);

and it appearing that the Court will therefore grant Defendants' Motion to Dismiss, ECF No. 10;

and for good cause shown;

**IT IS** on this 27th day of February, 2026,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs via verified mail.

*s/ Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**